## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

DAVID LEE NICKELSON,

      Plaintiff,

v.                                 Case No.  5:20-cv-259-TKW-MJF

KEITH R. HARRIS,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner proceeding *pro se*, has filed a "Motion for Extension of Time/Enlargement of Time Due to Corona-Virus (COVID-19)." (Doc. 1). Plaintiff asserts that his deadline to file a civil rights complaint under 42 U.S.C. § 1983 is October 10, 2020, and that he is unable to meet that deadline due to COVID-19 restrictions at his prison. (*Id*. at 1). Plaintiff requests the entry of an order granting him a 60-day extension of time to file a civil rights complaint. (*Id*. at 2).[1] Plaintiff

---

[1] The District Court referred this case to the undersigned for preliminary review under Local Rule 72.2(C) of the Local Rules for the United States District Court for the Northern District of Florida, and to make recommendations concerning dispositive matters. *See* 28 U.S.C. § 636(b) and N.D. Fla. Loc. R. 72.2(C).

has not filed an actual complaint under § 1983, and his motion for extension of time, even construed liberally, does not contain allegations sufficient to support a claim for relief under § 1983. The undersigned concludes that this court lacks jurisdiction to consider Plaintiff's motion.

Under Article III of the United States Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted).

Here, because Plaintiff has not yet filed an actual § 1983 complaint, there is no case or controversy to be heard, and any opinion the District Court would render on any procedural or substantive matters would be merely advisory. This court lacks jurisdiction to consider Plaintiff's request to extend the time to initiate a civil rights action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that:

1.  This case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2.  The Clerk of Court close this case file.

At Panama City, Florida, this <u>6th</u> day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**